NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES, | Criminal Action No. 11-25 (SDW) |
| v. | **OPINION** |
| CARLOS FEDERICO-ESTEVEZ, | |
| Defendant. | July 13, 2021 |

**THIS MATTER** having come before this Court upon Defendant Carlos Federico-Estevez's ("Defendant") filing of a Letter of Expungement ("Petition") (D.E. 44) seeking to expunge the record of his January 19, 2011 conviction of conspiracy to manufacture a controlled substance (D.E. 38), and this Court having considered the parties' submissions, and for the reasons discussed below, denies Defendant's Petition; and

**WHEREAS** on January 19, 2011, Defendant pleaded guilty to one count of conspiracy to manufacture 100 or more marijuana plants. (D.E. 38.) On June 3, 2021, Defendant filed his Petition requesting that this Court expunge his conviction from the record. (D.E. 44.) On June 7, 2021, the Government opposed expungement. (D.E. 45) On June 23, 2021, Defendant replied. (D.E. 46); and

**WHEREAS** jurisdiction to expunge a defendant's criminal record is not inherent. *United States. v. Woodard*, Crim. No. 98-0533, 2008 WL 4862454, at *1 (D.N.J. Nov. 11, 2008) (citing *United States v. Dunegan*, 251 F.3d 477, 478 (3d Cir. 2001)). Moreover, ancillary jurisdiction is only appropriate if it serves one of two purposes: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent, and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate

its decrees." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379–380 (1994). Importantly, courts have held that "[e]xpungement of a criminal record solely on equitable grounds, such as to reward a defendant's rehabilitation and commendable post-conviction conduct, does not serve any of those goals." *United States* v. *Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000); *see also United States v. Boniella*, 297 F. App'x 161, 161 (3d Cir. 2008) (noting that neither the Third Circuit "nor the District Court has jurisdiction to seal or expunge a conviction where there is no challenge to the validity of the conviction or arrest."); *United States v. Jackson*, Crim. No. 96-624, 2010 WL 610622, at *1 (D.N.J. Feb. 19, 2010); and

**WHEREAS** the Third Circuit has adopted the view expressed in *Sumner* and has likewise determined that the purposes of ancillary jurisdiction stated in *Kokkeonen* do not "contemplate a petition for the expungement of a criminal record." *Dunegan*, 251 F.3d at 479. Thus, "in the absence of any applicable statute enacted by Congress, or an allegation that the criminal proceedings were invalid or illegal, a District Court does not have the jurisdiction to expunge a criminal record, even when ending in an acquittal." *Id.* at 479–80; and

**WHEREAS** Defendant, like the defendant in *Sumner*, rests his Petition "solely on equitable grounds." (*See generally* D.E. 44); *Sumner*, 226 F.3d 1005 at 1014. Defendant does not cite any other case or statute that would give this Court jurisdiction to consider his Petition. (*See generally* D.E. 44.) As such, this Court does not have jurisdiction over Defendant's request. Although Defendant's conduct and employment since his guilty plea are commendable, this Court cannot grant the requested relief.

Accordingly, for the reasons set forth above, Defendant's Petition (D.E. 44) is **DENIED**. An appropriate order follows.

                              <u>/s/ Susan D. Wigenton</u>  
                              **United States District Judge**

Orig:   Clerk  
cc:     Parties